# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **BAHMAN PAYMAN, M.D.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ATIQUE MIRZA, M.D.,** | ) | |
| | ) | Case No. 2:02CV00023 |
| Defendant. | ) | Case No. 2:02CV00035 |
| | ) | |
| _____ | ) | **OPINION** |
| | ) | |
| **BAHMAN PAYMAN, M.D.,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **KHALOUCH ABDRABBO, M.D.,** | ) | |
| | ) | |
| Defendant. | ) | |

*Michael A. Bragg, Bragg Law, PLC, Abingdon, Virginia, for Plaintiff Bahman Payman, M.D.; Wm. W. Eskridge, Penn, Stuart & Eskridge, Abingdon, Virginia, and John Remy, Jackson Lewis LLP, Vienna, Virginia, for Defendants Atique Mirza, M.D., and Khalouch Abdrabbo, M.D.*

The successful defendants in these civil cases seek a permanent injunction against the plaintiff. Finding that a permanent injunction would be the most effective way to protect the defendants and the court from further litigating issues already

decided by the court, I will impose a permanent injunction against the plaintiff precluding him from suing the defendants in this or any court without prior permission of this court.


I

On February 5, 2002, the plaintiff, a physician, filed suit in this court against a former colleague, Atique Mirza, M.D. The pro se Complaint stated in its entirety as follows:

> I am Bahman Payman, MD. Filing suit against Dr. Atique Mirza who was chairman of the executive committee at Lee County Community Hospital in 2000. Dr. Mirza abused his power as a chairman of the executive committee and misrepresented me in bad faith and malicious intent at LCCH. Under the assumption that he has civil immunity (8.01-518.16.). He then left the area soon after LCCH was investigated by federal authorities.
>
> As a result LCCH terminated my employment, and I lost my eight years practice in Lee County, also I lost the good reputation that I had established. Besides economical loss, I have suffered psychological as well as emotional burdens along with my family.
>
> Therefore the plaintiff moves for a judgment against the defendant, Dr. Mirza, in the amount of ninety five thousand dollars ($95,000) together with cost and interest.
>
> /s Bahman Payman, M.D.

- 2 -

On that same day, the plaintiff filed a similar pro se action against another physician, Khalouch Abdrabbo, M.D., in the Circuit Court of Wise County, Virginia. The only difference between the pleadings other than the change of name of the defendant was that Dr. Abdrabbo was alleged to have been the "chief of medical staff" at Lee County Community Hospital. This state court action was thereafter removed by Dr. Abdrabbo to this court.

In both cases, the defendants served motions for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(1)(A) on the pro se plaintiff on April 5, 2002. The plaintiff then obtained counsel, who filed an appearance in the Abdrabbo case on June 27, 2002, and in the Mirza case on August 22, 2002. The plaintiff's counsel filed amended complaints in the cases and the defendants thereafter moved for summary judgment. After briefing and oral argument, the court granted summary judgment for the defendants in both cases on November 1, 2002. *See Payman v. Mirza*, No. 2:02CV00023, 2002 WL 31443216 (W.D. Va. Nov. 1, 2002), *aff'd*, 82 Fed. Appx. 826 (4th Cir. 2003) (unpublished), *cert. denied*, 124 S. Ct. 2052 (2004); *Payman v. Abdrabbo*, No. 2:02CV00035, 2002 WL 31443212 (W.D. Va. Nov. 1, 2002), *aff'd*, 82 Fed. Appx. 826 (4th Cir. 2003) (unpublished), *cert. denied*, 124 S. Ct. 2052 (2004). On November 13, 2002, the defendants filed with the court the motions for sanctions previously served on the plaintiff. Finding that the plaintiff's

- 3 -

suit papers did not have any evidentiary support, the court granted the defendants' motions for sanctions in the amount of $2,500 in each case. *See Payman v. Mirza*, No. 2:02CV00023, 2:02CV00035, 2003 WL 751010 (W. D. Va. Mar. 3, 2003), *aff'd*, 82 Fed. Appx. 826 (4th Cir. 2003) (unpublished), *cert. denied*, 124 S. Ct. 2052 (2004).

On February 10, 2005, the plaintiff filed a pro se Motion for Judgment in Circuit Court for Lee County, Virginia, in cases styled *Bahman Payman, M.D. v. Atique Mirza, M.D.*, Case No. CL0502-013-00 ("Mirza II"), and *Bahman Payman, M.D. v. Khalouch Abdrabbo, M.D.*, Case No. CL0502-012-00 ("Abdrabbo II"). The plaintiff alleged the same facts in these cases as he did in the predecessor cases decided in this court. Both defendants filed a Motion for Injunction against the plaintiff on May 9, 2005. On May 27, 2005, the plaintiff filed a letter with the Circuit Court for Lee County asking for a "nonsuit" of the cases "[d]ue to lack of readiness," and the Circuit Court dismissed the cases without prejudice on June 3, 2005. Subsequently, the defendants filed an Amended Motion for Injunction on June 7, 2005, arguing that an injunction was still necessary to protect them from further litigating issues already decided by this court.

- 4 -

The  motions have been briefed and are ripe for decision.[1]

II

The plaintiff argues that this court does not have subject matter jurisdiction to entertain the defendants' motion because this case was "closed" on November 1, 2002.  (Pl.'s Resp. at 2.).  In a similar context it is true that, once a proceeding has been terminated, a federal court is not  necessarily empowered to reopen the case for the  purpose  of  enforcing  a  breached  settlement  agreement.   *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Fairfax Countywide Citizens Ass'n v. Fairfax County, Va.*, 571 F.2d 1299, 1303 (4th Cir. 1978). However, if a district court (1) embodies a settlement contract in its dismissal order, (2) retains jurisdiction over the settlement contract, or (3) relies on an independent basis for federal jurisdiction, the district court may enforce a settlement agreement in a terminated case.  *See Kokkonen,* 511 U.S. at 381-82.  In *Fairfax*, the Fourth Circuit held that the district court was not empowered to enforce a settlement agreement that the defendant county had repudiated because "[t]he settlement agreement between

---

[1]  I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

- 5 -

Association and County, while serving to terminate litigation of a federal claim, was a private contract entered into after private negotiations between the parties. Both its validity and the interpretation of its terms are governed by Virginia law." *Fairfax*, 571 F.2d at 1303. In other words, the district court lacked subject matter jurisdiction because the sole issue was a state-law dispute, and the case lacked diversity of citizenship.

The present case can be distinguished. Here, the defendants do not seek to reopen a case in order for the court to adjudicate a dispute lacking subject matter jurisdiction. Rather, this is a case that was properly removed to this court based on diversity of citizenship, which is measured at the time the petition of removal is filed. *See Sayers v. Sears, Roebuck & Co.*, 732 F. Supp. 654, 656 (W.D. Va. 1990). Moreover, the defendants do not seek to establish jurisdiction based on the All Writs Act 28 U.S.C.A. § 1651(a) (West 1994). *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002) (stating that the All Writs Act does not give federal courts authority to remove state court cases in order to prevent frustration of orders the federal court had previously issued); *Stephenson v. Dow Chemical Co.*, 346 F.3d 19, 21 (2nd Cir. 2003) (discussing *Syngenta*, and stating that the All Writs Act permits aid of jurisdiction, but does not itself create jurisdiction). Rather, the parties are before this court in a case that was properly removed based on diversity of

- 6 -

citizenship. Therefore its status has no effect on the court's jurisdiction to enter an injunction under the authority of the All Writs Act.[2]

III

A

The All Writs Act grants federal courts the authority to "limit access to the courts by vexatious and repetitive litigants . . . ." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d at 817. Despite this power, such injunctive relief is an "extreme remedy" that should not be routinely granted. *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Moreover, such relief is inappropriate unless there is a real and immediate threat of future injury, in addition to objectionable past conduct. *See Rizzo v. Goode*, 423 U.S. 362, 372 (1976). If an injunction is granted, the order granting the injunction "shall set forth the reasons for its issuance[,] . . . be specific in its terms[,]

---

[2] In *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004), also involving a prefiling injunction, the Fourth Circuit did not address the issue of subject matter jurisdiction. However, *Cromer* is similar to the present case in that the district court granted a preliminary injunction against actions by the plaintiff even though the case had been settled in mediation and a final order had been entered. *Id*. at 815-16. Although the Fourth Circuit remanded as to the prefiling injunction, the issue was not jurisdiction, but rather that the injunction had not been narrowly tailored. *Id.* at 818-19.

- 7 -

. . . [and] describe in reasonable detail . . . the act or acts sought to be restrained. . . ."
Fed. R. Civ. P. 65(d).

If the injunction is intended to include state court proceedings, the injunctive relief must not be granted unless it falls within one of the three exceptions listed in the Anti-Injunction Act, 28 U.S.C.A. § 2283 (West 1994), which must be narrowly interpreted. *See Bluefield Cmty. Hosp., Inc. v. Anziulewicz*, 737 F.2d 405, 408 (4th Cir. 1984). The third exception to the Anti-Injunction Act is where an injunction is necessary to "protect or effectuate [the court's] judgments." 28 U.S.C.A. § 2283 (West 1994). This exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court[s]. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988).

Here, an injunction that includes state court proceedings is appropriate in order to protect this court's judgment. The claims at issue are similar to those that the plaintiff has previously initiated. Indeed, the plaintiff alleged the same facts in state court in Mirza II and Abdrabbo II as he did in the predecessor cases decided in this court. As another judge of this court recently held, "[e]ven though the exceptions to the Anti-Injunction Act should be narrowly interpreted, the claim that Payman has raised in this case was initially raised in this court several years ago." *Payman v.*

- 8 -

*Wellmont Health Sys.*, No. 2:04CV00089, 2005 U.S. Dist. LEXIS 784, at *19 (W.D. Va. Jan. 20, 2005). Accordingly, this court may issue an injunction that includes state court proceedings for the purpose of protecting the defendants from further litigating issues already decided by the court.

B

Because the court has the authority to issue the injunction, the next step is to determine whether a prefiling injunction is substantively warranted. In deciding whether to grant the injunction, this court must weigh all the relevant circumstances:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818. As pointed out in *Wellmont*, "alternative sanctions are unlikely to work in this case [because] Payman has been a 'frequent litigator' in the Western District of Virginia." *Payman*, 2005 U.S. Dist. LEXIS 784, at *21 (quoting *Payman*, 338 F. Supp. 2d 679, 680 & n.1 (W.D. Va. 2004) (noting that defendant Lee County Community Hospital alleged that Payman had filed "'at least' twenty-two lawsuits in state and federal courts, either pro se or represented by nine different attorneys,'" and listing four other cases that Payman had filed in that court)). This

- 9 -

court previously sanctioned Payman $5,000 for filing two lawsuits without evidentiary support. *See Payman*, 2003 WL 751010, at *1 (sanctioning Payman for violations of Rule 11 because his allegations lacked evidentiary support). Even though Payman was sanctioned in those cases he continued to litigate, and was therefore sanctioned $7,553.39. *Payman*, 2005 U.S. Dist. LEXIS 784, at *35. Most recently, Payman was sanctioned a total of $61,408.07, again for relitigating issues that lacked any evidentiary support. *See Payman v. Lee County Cmty. Hosp.*, No. 2:04CV00017, 2005 U. S. Dist. LEXIS 5215, at *13 (W.D. Va. Mar. 31, 2005).

It is clear that the issues have been litigated several times over and there is no basis for a lawsuit other than to harass the defendants. Moreover, Payman has substantially burdened this court and the Virginia state courts by his meritless litigation. Although Payman has withdrawn the state court actions, Mirza II and Abdrabbo II, a prefiling injunction is still justified because of Payman's litigation history. In withdrawing his state court actions, his letter to the Circuit Court for Lee County stated that the reason for his "nonsuit" was "lack of readiness." The plaintiff should not be permitted to again bring the same frivolous action when he is ready, and thus a permanent injunction is substantively warranted.

As previously held, Payman's allegations lack any objectively reasonable evidence. Accordingly, because Payman has a pattern of filing frivolous lawsuits;

does not have a good faith basis for continuing to prosecute this legal action; has burdened the legal system with other lawsuits concerning the same issues raised in this case; and alternative sanctions have not worked in the past, I find that the requirements for a prefiling injunction have been met.

C

The final issue that I must decide is the scope of the injunction. The defendants have asked the court to enter a permanent injunction against Payman that would bar him from filing any future lawsuits against them in any court without the prior, express approval of this court.

In determining the scope of the injunction, it is necessary that "[t]he injunction not . . . effectively deny access to the courts, and the district court must give the litigant notice and the opportunity to be heard prior to granting the injunction." *Whitehead v. Viacom,* 233 F. Supp. 2d 715, 726 (D. Md. 2002). Because Payman had a chance to argue against the injunction in his brief responding to the motion, the notice requirement has been met. *See also Cromer*, 390 F.3d at 818-20 (discussing the notice requirement for prefiling injunctions). Moreover, because injunctions must be "narrowly tailored to fit the specific circumstances at issue," *Cromer,* 390 F.3d at 818, I will not enjoin Payman from filing any actions anywhere against the defendants or parties in privity with the defendants, as that would deny Payman access to the

- 11 -

courts for potentially meritorious claims in the future. I will, however, grant an injunction preventing Payman from filing any actions against the defendants in any court, without first obtaining leave of this court. While the scope of this injunction is broad in that it covers filings in state court as well as in other federal courts, it is clearly necessary based on Payman's litigation history. Therefore, because of the specific circumstances of this case, such an injunction is narrowly tailored.

IV

For the foregoing reasons, the Amended Motions for Injunction by the defendants will be granted. A separate Order consistent with this opinion will be entered forthwith.

DATED: July 18, 2005

 /s/ JAMES P. JONES            
Chief United States District Judge

- 12 -